**Jenaro Rodolfo ARGUETA–LOPEZ, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–74292.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.\*\*

Decided May 12, 2005.

Kaaren L. Barr, Esq., Seattle, WA, for Petitioner.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument.   *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Robert Lipman, WWS-District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, CANBY and THOMAS, Circuit Judges.

MEMORANDUM ***

■ Jenaro Rodolfo Argueta–Lopez, a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") denial of asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Where, as here, the BIA affirms without opinion, we review the IJ's decision. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence, *see Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 998 (9th Cir.2003), and we deny the petition for review.

In the twenty years since Argueta–Lopez left Guatemala, there has been a "fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution." 8 C.F.R. § 1208.13(b)(1)(i); *see also Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 998–99 (9th Cir.2003) (holding that a 1997 State Department country report was substantial evidence to support the agency's de-

termination that changed country conditions in Guatemala, and the possibility of internal relocation, undermined the petitioners' fear of future persecution). Argueta–Lopez's fear of persecution is further undercut by the fact that he returned to Guatemala at least eight times without incident. *See Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001). Substantial evidence, therefore, supports the IJ's determination that Argueta–Lopez does not have a well founded fear of being persecuted upon return to Guatemala. Because Argueta–Lopez failed to demonstrate eligibility for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. *See id.* at 1001 n. 5.

■ Argueta–Lopez also failed to establish eligibility for CAT relief because he did not show that it is "more likely than not" he would be tortured upon return, or that the torture would be inflicted " 'at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.' " *Kamalthas v. INS,* 251 F.3d 1279, 1282 (9th Cir.2001) quoting 8 C.F.R. § 208.18(a)(1).

PETITION FOR REVIEW DENIED.

Grigor **AVETISYAN**, Petitioner,

v.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.